Gordon DOUGLAS, Plaintiff–Appellant,

v.

E. YARBROUGH, Lieutenant at Collins Correctional Facility, Thomas Ricks, Superintendent at Upstate Correctional Facility, Glenn Goord, Commissioner of DOCS, Defendants–Appellees.

Docket No. 01–0104.

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Gordon Douglas, Comstock, NY, pro se.

Peter H. Schiff, Senior Counsel, Attorney General of the State of New York, New York, NY, for defendants-appellees.

Present MINER, McLAUGHLIN, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Douglas, *pro se* and incarcerated, filed a § 1983 complaint alleging that Glenn Goord, the Commissioner of New York's Department of Correctional Services ("DOCS"), Thomas Ricks, the Superintendent of a DOCS facility, and E. Yarbrough, a DOCS hearing officer who presided over the prison disciplinary hearing at issue in this appeal, violated Douglas's due process rights by revoking thirty days of good time credit, revoking his inmate privileges for thirty days, and confining Douglas to his cell under "keeplock" status for sixteen days as a result of a procedurally defective disciplinary hearing. (Appellees' Appendix at 8–19). The complaint sought relief in the form of monetary damages.

Douglas moved for summary judgment, defendants cross-moved for summary judgment, and the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*) granted the defendants' motion and dismissed the complaint. The District Court held that (1) Douglas's sixteen day confinement in keeplock did not constitute an atypical and significant hardship under *Sandin v. Conner*, 515 U.S. 472, 486–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and thus Douglas did not have a liberty interest entitling him to procedural due process in the disciplinary hearing, and (2) there was no effective revocation of good time credit which could serve as a basis for a § 1983 claim, as the record unequivocally indicated that Yarbrough's recommendation of three days' revocation of good time

credit was not effectuated by DOCS. The District Court also determined that, even if the good time credit had been effectively revoked, recovery for the revocation was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Douglas filed a timely notice of appeal from the judgment and has filed an appellate brief in which he argues that the record indicates that all of his good time credit was ultimately revoked by DOCS, on the basis of a recommendation of the Time Allowance Committee. Douglas contends that, as the Committee's recommendation was based on a review of Douglas's entire inmate file, which included a summary of his disciplinary history, the disciplinary hearing at issue had a direct role in the revocation.

■■■ The District Court properly granted summary judgment in favor of the defendants. Douglas's sixteen day keeplock confinement, absent allegations that he endured conditions other than those which normally obtain for inmates in keeplock, did not constitute an atypical and significant hardship. *See, e.g., Sealey v. Giltner,* 197 F.3d 578, 589–90 (2d Cir.1999) (holding that 101 days spent in Special Housing Unit was not a significant and atypical hardship). With respect to the revocation of good time credit, the record clearly indicates that DOCS's revocation of good time credit was not a result of Yarbrough's recommendation, but rather was a result of the Time Allowance Committee's review of Douglas's entire inmate file, which, although it included a summary of Douglas's disciplinary history, was silent as to Yarbrough's recommendation of revocation.[1]

Further, even assuming *arguendo* that Yarbrough's recommendation was effectuated or otherwise had a direct role in DOCS's revocation of Douglas's good time credit, the claim is barred under *Edwards.* The Supreme Court held in *Edwards* that a § 1983 claim challenging a hearing in which credit was revoked is barred to the extent that the procedural defects complained of necessarily imply the invalidity of the deprivation of the credit. *See Edwards,* 520 U.S. at 646. The Court further held that an attack on the impartiality of the hearing officer constitutes an allegation of procedural defect which necessarily implies the invalidity of the revocation. *Id.* at 647–48. While Douglas complained of a host of procedural defects which did not necessarily imply the invalidity of the penalty, *e.g.,* not receiving the hearing disposition within 24 hours of the decision, Douglas also alleged that Yarbrough was biased. (Defendants' Appendix at 32–33 (Douglas's statement of material facts in support of motion for summary judgment)). Accordingly, as Douglas complained of that particular procedural defect, his claim with respect to the revocation of his good time credit is barred by *Edwards.*

We have considered all of Douglas's claims raised, and we find them to be without merit. For the reasons set forth, we AFFIRM the judgment of the District Court.

---

1. To the extent that Douglas raises on appeal a challenge to DOCS's revocation of his good time credit based on the Time Allowance Committee's review of Douglas's inmate file, this Court will not address this challenge. This challenge was not raised in the District Court and implicates DOCS personnel other than those named in the complaint.